ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 11 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

-----------------------------------------------------------

SHARON LEFORCE and CHARLES
LEFORCE on behalf of themselves and all
others similarly situated,

                 Plaintiffs,

v.

TAYLOR BEAN & WHITAKER
MORTGAGE CORP.,

                 Defendant.

-----------------------------------------------------------

CIVIL ACTION NO.:
_____

1:09-CV-2167

WBH

## CLASS ACTION COMPLAINT

Sharon Leforce and Charles Leforce ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Taylor Bean & Whitaker, Corp. ("Defendant") by and through their counsel allege as follows:

### NATURE OF THE ACTION

    1.    This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et. seq. and, with respect to

Defendant's employees who worked in California, its California counterpart Cal. Labor Code §§ 1400 et. seq. (collectively the "WARN Act"). Defendant is liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days' advance notice of their termination, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

4. Plaintiff Sharon Leforce is a citizen and resident of the State of Georgia and was employed by Defendant until her termination without cause on or about August 5, 2009. Plaintiff submits herself to the jurisdiction of this Court.

5. Plaintiff Charles Leforce is a citizen and resident of the State of Georgia and was employed by Defendant until his termination without cause on or about August 5, 2009. Plaintiff submits himself to the jurisdiction of this Court.

6. Upon information and belief, at all relevant times, Defendant is a Florida corporation which owned and operated facilities in several states

including a facility in Atlanta, Georgia and in California (collectively the "Facilities").

## STATEMENT OF FACTS

7. Plaintiffs' and the other similarly situated employees' employment was terminated as part of plant shutdowns as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

8. On or about August 5, 2009, approximately 2700 other similarly situated employees who reported to the Facilities were terminated as part of plant shutdowns at the Facilities.

9. Pursuant to the WARN Act, the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

10. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

11. Defendant was required by the WARN Act to give the Plaintiffs and the other similarly situated former employees or their representatives at least 60 days advance written notice of their respective terminations.

12. Prior to their terminations, neither the Plaintiffs nor the other similarly situated former employees or their representatives received written notice that complied with the requirements of the WARN Act.

13. Defendant failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective terminations without notice and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## **CLASS ALLEGATIONS**

14. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the WARN Act, on behalf of themselves, and a class of employees who worked at or reported to the Defendant's Facilities and were laid off without cause by Defendant as part or as the reasonably foreseeable result of plant shutdowns ordered by Defendant at the Facilities (the "Class") in or about August 5, 2009.

15. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable.

-5-

16. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

17. The claims of the representative parties are typical of the claims of the Class.

18. The representative parties will fairly and adequately protect the interests of the class.

19. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where the individual Plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

> (a) Whether the Class Members were employees of Defendant's who worked at or reported to Defendant's Facilities;

(b) Whether the Defendant ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

(c) Whether the Defendant was subject to any of the defenses provided for in the WARN Act.

## CAUSE OF ACTION
## WARN Act Violations

22. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

23. At all relevant times, the Defendant was an "employer" of the Class Members as that term is defined by the WARN Act.

24. On or about August 5, 2009 and thereafter the Defendant ordered "plant shutdowns," as that term is defined by the WARN Act.

25. Defendant's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six

-6-

of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

26. Defendant's termination of the Class Members' employment constituted plant shutdowns as defined by the WARN Act.

27. The Plaintiffs and each of the Class Members who were employed by Defendant and then terminated by Defendant as a result of Defendant's executing plant shutdowns at the Facilities were "affected employees" as defined by the WARN Act.

28. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined by the WARN Act.

29. Pursuant to the WARN Act, Defendant was required to provide at least 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) days prior notice was not given.

30. Defendant failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

31. The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday

pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

32. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

**RELIEF**

WHEREFORE, the Plaintiffs and Class Members demand trial by jury and judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29

U.S.C §2104(a)(1)(A) and, with respect to employees who worked at any California facility, California Labor Code §§1400 et seq.;

      b.      Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

      c.      Interest as allowed by law on the amounts owed under the preceding paragraphs;

      d.      The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

      e.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

Dated: August 11, 2009

                                                                       COOK, HALL & LAMPROS, LLP
                                                                       Attorneys for Plaintiff

                                                                       By: _____
                                                                          ANDREW LAMPROS
                                                                          Georgia Bar # 432328

1230 Peachtree St. NE
Suite 3700
Atlanta, GA 30309
404/876-8100 Fax: 404/876-3477
alampros@cookhall.com


**LANKENAU & MILLER, LLP**
Stuart J. Miller
NY State Bar No. SJM 4276
132 Nassau Street, Suite 423
New York, New York 10038
Telephone: (212) 581-5005
Facsimile:  (212) 581-2122

**THE GARDNER FIRM, P.C.**
Mary E. Olsen
AL State Bar No. 4818-N60M
M. Vance McCrary
AL State Bar No. 4402-M74M
The Gardner Firm
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, AL  36652
P: (251) 433-8100
F: (251) 433-8181

**MORRIS, CONCHIN & KING**
Harvey B. Morris (MOR031)
Gary V. Conchin (CON009)
Joe A. King, Jr. (KIN058)
Joseph D. Aiello (AIE001)
P.O. Box 248
Huntsville, AL 35804
P: 256/ 536-0588
F: 256/ 533-1504

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine, 3rd Floor
Detroit, Michigan 48226
P: (313) 962-6540

*Attorneys for Plaintiffs*


This document was prepared in compliance with Local Rule 5.1 using Times New Roman 14 point font.

-11-